IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM MORGAN                                                PLAINTIFF

V.                      CASE NO.: 3:14CV00083 BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff William Morgan has appealed the final decision of the Commissioner of

the Social Security Administration denying his claim for disability insurance benefits and

supplemental security income.  Both parties have submitted appeal briefs and the case is

ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's

decision is supported by substantial evidence on the record as a whole and free of legal

error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185,

187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257

(8th Cir. 1996).  In assessing the substantiality of the evidence, the Court has considered

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

evidence that detracts from the Commissioner's decision as well as evidence that supports it.

Mr. Morgan alleged that he became limited in his ability to work by degenerative disc disease and neck problems.  (SSA record at 41, 55)  After conducting a hearing, the Administrative Law Judge[2] (ALJ) concluded that Mr. Morgan had not been under a disability within the meaning of the Social Security Act at any time through March 6, 2013, the date of his decision.  (*Id*. at 19)  On January 27, 2014, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (*Id*. at 1-3)  Mr. Morgan then filed his complaint initiating this appeal.  (Docket #2)

Mr. Morgan was almost 43 years old at the time of the hearing and lived with his wife, two children, and mother.  (SSA record at 28-29)  He is a high school graduate and had past relevant work as a farm equipment mechanic, millwright, and combination welder.  (*Id*. at 16, 25-27, 34)  Mr. Morgan stopped working in 2008, because of back pain.  (*Id*. at 29)  He underwent back surgery in June, 2010.  (*Id*. at 29, 224-25)  At the hearing, Mr. Morgan stated he had not sought treatment for his back since 2011, when his medical benefits were cut by the State of Arkansas.  (*Id*. at 28)

The ALJ found that Mr. Morgan had not engaged in substantial gainful activity since October 16, 2008, his alleged onset date.  (*Id*. at 12)  He found that Mr. Morgan had

---

[2]The Honorable Don Curdie.

"severe" impairments: degenerative disc disease and neck problems. (*Id*.) He further found that Mr. Morgan did not have an impairment or combination of impairments that met or equaled a Listing. (*Id*. at 12-13) He judged that Mr. Morgan's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not totally credible. (*Id*. at 13-16)

Based on these findings, the ALJ concluded that Mr. Morgan retained the residual functional capacity for sedentary work, but could only occasionally climb, bend, kneel, crawl, balance, stoop, and crouch, and could only occasionally reach overhead with his right and left upper extremity. (*Id*. at 13-16)

Based on testimony from a vocational expert (VE), the ALJ concluded that Mr. Morgan could not perform his past relevant work, but that he could perform other jobs that existed in significant numbers in the national economy.[3] (*Id*. at 16-17) Thus, the ALJ concluded that Mr. Morgan was not disabled. (*Id*. at 18)

**Listed Impairment**

In his appeal of the ALJ's decision, Mr. Morgan argues that the ALJ erred by finding that he did not meet Listings 1.02 and 1.04 for a closed period.[4] (#10 at pp. 9-12)

---

[3]The VE identified two jobs that a person with Mr. Morgan's limitations could perform – information clerk and food checker. (*Id*. at 17, 34)

[4]Mr. Morgan argues the closed period he was disabled was from his alleged onset date, October 16, 2008, until he underwent back surgery in June, 2010.

A claimant has the burden of proving that an impairment (or combination of impairments) meets or equals a Listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "To meet a listing, an impairment must meet all of the listing's specified criteria." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010) (citing references omitted). To be disabling, an impairment must "be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

Here, the ALJ found that Mr. Morgan's degenerative disc disease and neck problems were severe impairments. (SSA record at 11) The ALJ considered whether Mr. Morgan met the criteria set forth in Listing 1.04 and noted there was no evidence his back disorder resulted in an inability to ambulate effectively as defined in 1.00(B)(2)(b). (*Id.* at 13) The ALJ's conclusion, that Mr. Morgan did not meet a Listing, is supported by substantial evidence.

Listing 1.02 is for major dysfunction of a joint characterized by gross anatomical deformity, chronic joint pain, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint with involvement of one major peripheral weight-bearing joint resulting in an inability to ambulate. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §1.02. Mr. Morgan, however, offers no evidence to support an inability to ambulate on a sustained basis as defined by the regulation. See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §1.00(B)(2)(a). The record

indicates that Mr. Morgan was able to ambulate both before and after his back surgery. (*Id*. at 231, 239, 248, 252)

Mr. Morgan also maintains that the ALJ should have found that he met listing 1.04.[5] As support for his contention, Mr. Morgan points to his back surgery. He claims that he is entitled to a closed period of disability from his onset date until his June, 2010 back surgery. (#10 at pp. 10-11) Again, Mr. Morgan does not point to evidence supporting his claim to meet the Listing.

---

[5]Listing 1.04 provides:
Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

The medical records indicate that Mr. Morgan complained of back pain from October, 2008, but at the time, an MRI revealed only "very mild degenerative disc disease in lumbar spine without evidence of central canal or neuroforaminal stenosis" and "no evidence of neural impingement." (SSA Record at 187) In October, 2008, Mr. Morgan did not have an impairment that met Listing 1.04.

Scans of Mr. Morgan's back from July 30, 2009, showed mostly normal findings with some indications of mild muscle tension and a few indications of moderate muscle tension. (*Id*. at 196-200) Mr. Morgan received treatment for low back pain at Lawrence County Family Medical Clinic (Clinic) from March, 2009 through December, 2009, but still did not have a diagnosed impairment that met Listing 1.04. (*Id*. at 246-63)

On March 31, 2010, after being referred from the Clinic, Mr. Morgan was examined by Gregory F. Ricca, M.D. (*Id*. 238-40) On examination, Mr. Morgan had full range of motion in his neck with normal muscle tone and bulk; no cervical or supraclavicular adenopathy; full range of motion in all joints within normal muscle tone and bulk; and no atrophy. He had normal lordosis, muscle tone and bulk and full range of motion in his lumbar spine. His gait was normal. He could heel/toe walk and squat bilaterally, and his straight leg raising was negative. (*Id*. at 239)

Dr. Ricca reviewed the MRI from October, 2008, and noted degenerative disc disease at L5-S1 with a disc bulge at L4-L5. He did not note, however, evidence of a

herniated disc.  He recommended good back care, smoking cessation, and core

strengthening exercises.  He prescribed Mobic and ordered an MRI.  (*Id*. at 240)

 A May, 26, 2010 MRI of Mr. Morgan's spine showed "central disc herniation at

L5-S1 with superior migration of a disc fragment from the disc space.  There is narrowing

of the lateral recesses of both S1 nerve roots at this level and moderate bilateral neural

foraminal narrowing at L5-S1."  Additionally, there were findings of  "central bulge and

bilateral faced hypertrophy at L5-L5."  (*Id*. at 230)  Dr. Ricca recommended surgery.  (*Id*.

at 237-38)

 On June 29, 2010, Mr. Morgan had a bilateral diskectomy with posterior lumbar

interbody fusion and posterior fusions, Malibu pedicle fixation, and bilateral

decompression.  (*Id*. at 223-224)

 At a follow-up appointment on August 11, 2010, Mr. Morgan reported being "so

much bettter" and noted that his pain was "almost gone."  (*Id*. at 232)  On examination,

he moved normally; he had no spasms and good range of motion; his motor function was

intact; and his sensation was intact.  X-rays showed good alignment and healing.  (*Id*. at

233)  At a second follow-up appointment on September 20, 2010, Mr. Morgan reported

he was free of low back pain, numbness and tingling.  (*Id*. at 231)  He complained of

some minor pain in his right hip.  On examination, he did not appear to be in pain; he

moved freely about the office; he had good range of motion, normal gait, was able to toe

walk, heel walk, and squat bilaterally; and x-rays showed "good alignment, good position

of the instrumentation and a healing PLIF at L5-S1." (*Id*. 231)  He was told to return for follow-up in six months.  (*Id*. at 232)  There is no indication Mr. Morgan ever returned.

Mr. Morgan points to the October 3, 2011 consulting report of Michael Spataro, M.D., as support for his allegations of disabling pain.  Dr. Spataro's findings and conclusions do not support the degree of limitation alleged by Mr. Morgan.[6]

At the consultative examination, Mr. Morgan complained of chronic neck pain after a 1994 dirt-bike accident and chronic lower back pain since a 2008 go-cart accident. (*Id*. at 273)  He complained of pain radiating to his legs, numbness and tingling.  He reported that he was not taking any medication and was independent with activities of daily living.  (*Id*.)

On examination, Dr. Spataro noted that Mr. Morgan was not in acute distress; there was no muscle asymmetry, atrophy, or involuntary movement; there was tenderness at C6 with negative axial compression testing; and there was mildly diminished range of motion in the cervical spine.  (*Id*. at 274)  Mr. Morgan had full range of motion in his shoulders; his low back was non-tender to direct palpation; he had a positive straight leg raise bilaterally and mildly diminished range of motion in the lumbar spine.  There was no structural deformity, effusion, periarticular swelling, erythema, heat, swelling or

---

[6]The ALJ evaluated Mr. Morgan's credibility following the required two-step process and considering the required factors.  (SSA record at pp. 13-16)  See *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (July 2, 1996); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

tenderness in any other joint.  He had "mildly antalgic gait and stable station."  (*Id.*)  He

was able to rise from sitting, stand on tiptoes/heels with some lower back discomfort, and

was able to bend and squat fully with some discomfort.  (*Id.*)  His grip strength and

dexterity were normal bilaterally and there was no lower extremity edema.  (*Id.*)

An x-ray of Mr. Morgan's cervical spine showed good alignment, mild disc space

narrowing at C4-C5 and C5-C6 without degenerative change.  (*Id.* at 275)  An x-ray of

Mr. Morgan's lumbosacral spine showed good alignment, mildly diminished disc spacing

at L3-L4 with mild anterior osteophyte formation but otherwise everything was normal.

(*Id.*)

Dr. Spataro diagnosed chronic neck and back pain and obesity.  (*Id.*)  He

concluded that Mr. Morgan had mild limitation in his ability to sit; mild to moderate

limitation for standing and walking; and mild to moderate limitations in lifting and

carrying.  (*Id.*)

The Court has reviewed the entire record and the criteria for Listings 1.02 and

1.04.  The ALJ correctly determined that Mr. Morgan failed to meet his burden of

showing that any of his impairments met or equaled all of the criteria set forth in either

Listing for a continuous twelve-month period.  See *Karlix v. Barnhart*, 457 F.3d 742, 747

(8th Cir. 2006) (affirming Commissioner's denial of benefits where claimant failed to

present evidence demonstrating he had suffered from a listed impairment for a continuous

twelve-month period); see also 20 C.F.R. §§ 404.1525(d), 416.925(d) (2011); *Harris v.*

*Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004) (diagnoses are not sufficient, by themselves, to demonstrate that a condition meets the requisite medical criteria).

**Conclusion**

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401. The Commissioner's decision is not based on legal error.

The final determination of the Commissioner is AFFIRMED, and Mr. Morgan's complaint is hereby dismissed with prejudice. The oral argument hearing scheduled for February 12, 2015, at 10:00 a.m. is canceled.

IT IS SO ORDERED this 5th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

10